IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CRYSTAL MARIE STEPHENS,** : | |
| Plaintiff, : | |
| : | |
| v. : | **CIVIL ACTION NO. 25-CV-4359** |
| : | |
| **DEUTSCHE BANK NATIONAL** : | |
| **TRUST COMPANY,** *et al.*, : | |
| Defendants. : | |

## MEMORANDUM

**MCHUGH, J.**                                                                                           **AUGUST 6, 2025**

Plaintiff Crystal Marie Stephens initiated this civil action against Deutsche Bank National Trust Company ("DBNT"), MDK Legal ("MDK"), and John Doe Court Officers alleging civil rights claims pursuant to 42 U.S.C. § 1983 and a claim under the Fair Debt Collection Practices Act ("FDCPA"). Stephens seeks leave to proceed *in forma pauperis* and submitted a motion for a temporary restraining order, which the Court has already denied. For the following reasons, the Court will grant Stephens leave to proceed *in forma pauperis* and dismiss the Complaint.

I.   **FACTUAL ALLEGATIONS**[1]

Ms. Stephens filed this action to halt an imminent sheriff sale of her property in Philadelphia. (Compl. at 4.) DBNT acts as trustee for a series of mortgage-backed certificates and allegedly holds an interest in Stephen's mortgage. (*Id.*) MDK is a law firm engaged in debt collecting and foreclosure actions against her property. (*Id.*) The unknown Court Officers are allegedly state actors who denied her access to the courts and refused to properly process her motions challenging jurisdiction and fraud upon the court. (*Id.*) DBNT filed foreclosure

---

[1] The factual allegations are taken from Stephen's Complaint. (ECF No. 2.) The Court adopts the pagination supplied by the CM/ECF docketing system.

proceedings in state court, presumably through the services of MDK, resulting in a judgment against Stephens, although she claims she later discovered evidence that the judgment was based on "false representations of ownership and standing." (*Id*.) Stephens's motions to strike the foreclosure judgement were denied without hearing in state court, and the foreclosure process is continuing. (*Id*. at 4-5.)

Ms. Stephens asserts claims under § 1983 based on a denial of access to the courts, deprivation of her property interests without proper notice, a state law "fraud upon the court" claim, and a FDCPA claim because "Defendants attempted to enforce a time-barred and non-existent debt."[2] (*Id*. at 5.) She seeks an injunction barring the sheriff sale and further collection efforts, and a declaration that the state court foreclosure judgment is void. (*Id*. at 6.) In an Order filed on August 4, 2025, the Court denied Stephens's motion for a temporary restraining order finding that she failed to establish a likelihood of success on the merits in that her civil rights claims against non-state actors were not plausible, her claims against state actors were vague and conclusory, and her fraud claim appears to be pending before a state court. (ECF No. 8.)

## II.   STANDARD OF REVIEW

Because MS. Stephens appears to be incapable of paying the filing fees to commence this action, the Court will grant her leave to proceed *in forma pauperis*. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. The

---

[2] Stephens also cites Federal Rule of Civil Procedure 60 to assert an "independent action to void judgment." (Compl. at 5.) Rule 60 is a rule of federal civil procedure permitting a litigant to attack a federal court judgment in certain instances. As a federal rule, it has no application to the underlying foreclosure action in state court. Also, the Rule "does not create a new cause of action" in a federal court. *Givens v. Att'y Gen. of the State of Pa. Debra Kelly*, No. 12-365, 2016 WL 3406055, at *3 (W.D. Pa. June 21, 2016); *United States v. Burke*, No. 92-268-1, 2008 WL 901683, at *4 (E.D. Pa. Apr. 2, 2008), *aff'd*, 321 F. App'x 125 (3d Cir. 2009) (same). Any independent federal law claim under Rule 60 is dismissed.

Court must determine whether the Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim.  *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.

The Court construes the allegations of the *pro se* Complaint liberally.  *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021).  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim."  *Id.* (internal quotation omitted).  An unrepresented litigant "cannot flout procedural rules - they must abide by the same rules that apply to all other litigants."  *Id.* (internal quotation omitted); *see also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").

Also, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Grp. Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject

matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

### III.   DISCUSSION

#### A.   Constitutional Claims

Ms. Stephens asserts that her rights under the Due Process Clause have been violated and asserts claims pursuant to 42 U.S.C. § 1983 against all named Defendants. Stephens appears to assert two claims. First, that the Defendants violated her property rights without proper notice or an opportunity to be heard, and the court that issued the foreclosure judgment lacked jurisdiction. (Compl. at 2.) She also asserts the Defendants denied her access to the courts in violation of the First Amendment by refusing to properly consider her jurisdictional and fraud claims, thereby blocking her from pursuing a remedy.

To the extent she asserts these claims against DBNT and MDK the § 1983 claims are not plausible and will be dismissed with prejudice. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988); *see also Groman v. Twp. of Manalapan*, 47 F .3d 628, 638 (3d Cir. 1995) ("The color of state law element is a threshold issue; there is no liability under § 1983 for those not acting under color of law."). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior

may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Applying these tests, courts routinely find that parties who make use of state courts to pursue legal remedies such as foreclosure are not state actors. *Conklin v. Anthou*, 495 F. App'x 257, 265 (3d Cir. 2012) (*per curiam*) (holding that mortgage company that brought action for foreclosure was not a state actor within meaning of § 1983); *Nanya-nashut ex rel. Hand v. BankOne*, No. 03-4022, 2003 WL 22078022, at *2 (E.D. Pa. Sept. 9, 2003) (stating that, even if defendant mortgage company engaged in unlawful state foreclosure proceeding, it was not a state actor) (citing *Buzzanco v. Lord Corp.*, 173 F. Supp. 2d 376, 383 (W.D.Pa.2001) (stating plaintiffs' claims that defendants misused state replevin procedure is not enough to establish defendants were state actors)). Lawyers who represent parties in state court are also not thereby deemed to be state actors. *Conklin*, 495 F. App'x at 265 (mortgage company's lawyer was not state actor) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318 (1981) and *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999)).

To the extent Ms. Stephens asserts § 1983 claims against the John Doe Court Officials, as noted in the Order denying her motion for a temporary restraining order (ECF No. 8), Stephens's

allegations are vague and conclusory and therefore fail to allege a plausible claim. *Iqbal*, 556 U.S. at 678. Because the relief she seeks for these claims is also not proper, as explained next, the claims will be dismissed without leave to amend.

### B. Relief on all Federal Claims

No amendment on the § 1983 claim will be granted against the state actor Defendants and relief on all of Ms. Stephens's other federal law claims will be dismissed because "[t]he Anti-Injunction Act precludes a federal court from enjoining state court eviction or foreclosure proceedings." *McMillan v. Nationstar Mortg. Co.*, No. 20-1321, 2020 WL 4201605, at *2 (E.D. Pa. July 22, 2020) (citing cases); *Young v. U.S. Bank Nat'l Ass'n*, No. 24-2315, 2024 WL 2925967, at *3 (E.D. Pa. June 10, 2024) ("to the extent that Young seeks to enjoin an ongoing state foreclosure proceeding or sheriff's sale, her claims are also barred by the Anti-Injunction Act"); *Mason v. Bank of Am., N.A.*, No. 13-3966, 2013 WL 5574439, at *7 (E.D. Pa. Oct. 19, 2013) ("Courts within the Eastern District of Pennsylvania have declined to enjoin state court proceedings involving foreclosures and sheriff's sales pursuant to the Anti–Injunction Act."); *Frankel v. Kessler*, No. 21-0093, 2021 WL 229321, at *5 (E.D. Pa. Jan. 22, 2021) (dismissing complaint on screening and denying temporary restraining order where claims related to state court eviction proceeding were barred by Anti-Injunction Act). Stephens concedes, and publicly available records confirm, that state court foreclosure proceedings have resulted in a judgement against her, for which Stephens has been attempting to prevent a sheriff sale since 2011.[3]

---

[3] Additionally, the *Rooker-Feldman* doctrine bars federal district courts from reviewing final decisions of a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine is jurisdictional, precluding a loser in state court from challenging a judgement entered in state court, "based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).

(Compl. at 2, 4 (citing *Aurora Loan Services LLC v. Stephens*, No. 090901470 (C.P. Philadelphia).)  An order entered in the case on August 5, 2025, denied her latest attempt to postpone the sale.

### C. State Law Claims

Because the Court has dismissed Stephens's federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  It is the plaintiff's burden to establish diversity of citizenship, *see Gibbs v. Buck*, 307 U.S. 66, 72 (1939); *Quaker State Dyeing & Finishing Co., Inc. v. ITT Terryphone Corp.*, 461 F.2d 1140, 1143 (3d Cir. 1972) (stating that, in diversity cases, the plaintiff must demonstrate complete diversity between the parties and that the amount in controversy requirement has been met); *Jackson v. Rosen*, C.A. No. 20-2842, 2020 WL 3498131, at *8 (E.D. Pa. June 26, 2020).  Where the plaintiff in a diversity action seeks

injunctive relief, "it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977).

Ms. Stephens does not allege the citizenship of the parties. Accordingly, she has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she intends to pursue.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Stephens leave to proceed *in forma pauperis* and dismiss her Complaint. Because any attempt to amend her federal law claims to obtain injunctive or declaratory relief would be futile, they will be dismissed with prejudice. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (district courts should dismiss complaints under the PLRA with leave to amend "unless amendment would be inequitable or futile"). Her state law claims are dismissed without prejudice for lack of jurisdiction. An appropriate Order will be entered separately. *See* Federal Rule of Civil Procedure 58(a).

                        **BY THE COURT:**

                        /s/ Gerald Austin McHugh

                        **GERALD A. MCHUGH, J.**